IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Tony Smith,** <br> **Plaintiff,** | ) <br> ) <br> ) |
| v. | )      1:20cv1157 (TSE/IDD) |
| | ) |
| **Crystal Jones, et al.,** <br> **Defendants.** | ) <br> ) |

MEMORANDUM OPINION

Tony Smith ("Plaintiff"), a Virginia inmate proceeding pro se, filed a civil-rights action pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was detained at the Virginia Department of Corrections' ("VDOC") Lawrenceville Correctional Center ("LVCC").[1] After being allowed leave to file an amended complaint, Plaintiff alleged defendants Crystal Jones and D. Lewis violated his due process rights by "wrongly denying" his grievances, failing to investigate his grievances, and other actions in their review of his grievances. [Dkt. No. 7 at 8, 11, 14, 16, 19].[2] The matter is before the Court on separate motions to dismiss filed by each defendant [Dkt. Nos. 26, 30], and Plaintiff's motions for default judgments against each defendant. [Dkt. Nos. 29, 33]. Plaintiff has been afforded the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Plaintiff has done so. [Dkt. No. 34]. Accordingly, this matter is now ripe for disposition. For the

---

[1] Plaintiff is presently detained at the Coffeewood Correctional Center.

[2] In his response to the motion to dismiss, Plaintiff alleges that Defendant Jones denied him equal protection because he explained in his grievance that other inmates exhibiting the same behavior (not wearing a mask) were not charged with a disciplinary offense. [Dkt. No. 34 at 4-5]. Such a claim raised in opposition to a motion to dismiss is not properly before the Court. Plaintiff cannot amend his complaint by raising a new matter in a response to a motion. See Hurst v. District of Columbia, 681 F. App'x. 186, 194 (4th Cir. 2017) ("a plaintiff may not amend her complaint via briefing") (citing Commonwealth of Pennsylvania v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)). Because this matter was raised in his opposition and is therefore not properly before the Court, it will not be addressed here.

reasons that follow, each defendant's motion must be granted and the claims against each must be dismissed, and Plaintiff's motions for default judgments must be denied.

## I. The Amended Complaint

"[W]hen ruling on a defendant's motion to dismiss, a [trial] judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). So viewed, and as pertinent to this motion, the essential allegations of the amended complaint are as follows:

1. Plaintiff is incarcerated within the VDOC and at the time this cause of action arose he was housed at LVCC, a privately administered facility that contracts with VDOC to house VDOC-responsible offenders. [Dkt. No. 7 at ¶¶ 1, 3].

2. Defendant Jones is the grievance coordinator at LVCC. [Id. at ¶ 1].

3. Defendant Lewis is a regional ombudsman for VDOC. [Id. at ¶ 2].

4. The complaint alleges that Defendant Jones misapplied VDOC OP 866.1, allegedly violating plaintiff's Fourteenth Amendment Due Process rights in three (3) separate incidents.

5. First, Plaintiff alleges that he submitted an Offender Request for a copy of his medical records on March 11, 2020, but did not receive a timely response. Plaintiff filed Informal Complaint No. LVCC-20-INF-01218, which was received on April 4, 2020. The Informal Complaint indicated a response was due on April 18, 2019. [Dkt. No. 7-1 at 32]. The response to the informal complaint was dated April 22, 2020 and sent to Plaintiff on April 23, 2020. [Id. at 32, 33].[3]

---

[3] Plaintiff submitted a copy of the offender request form dated April 22, 2020, and the response indicates the copies had been made, that he needed to send the receipt to medical indicating he had paid ($3.20), and that he would then be notified to pick up the copies. [Dkt. No. 7-1 at 28]. The response on the informal complaint indicates that medical copies issue had been "addressed." [Id. at 32].

2

6. When Plaintiff had not received a response to the informal complaint by April 20, 2020, Plaintiff filed a Regular Grievance (dated April 20, 2020), which was received on April 24, 2020. [Dkt. Nos. 7 at ¶ 5; 7-1 at 31, 32]. Defendant Jones denied Plaintiff's regular grievance at intake on April 24, 2020 stating that Plaintiff had failed to attempt to resolve his grievance informally. [Dkt. Nos. 7 at ¶ 5, at 7; 7-1 at 30]. The response to the informal complaint was not received until three days after Plaintiff submitted his grievance to Jones, which meant that Plaintiff did not have a proof that he attempted to resolve the matter informally. Plaintiff also noted in his grievance that he had not received a response to his informal complaint as of April 20, 2020, the date he submitted the grievance. [Dkt. No. 7-1 at 31].

7. Plaintiff's second incident involves Informal Complaint No. LVCC-20-INF-01515, which Plaintiff filed on April 27, 2020 because Defendant Jones had denied Plaintiff's April 24, 2020 regular grievance at intake. [Dkt. Nos. 7 at ¶ 6, at 7; 7-1 at 33]. Defendant Jones responded to the complaint on May 1, 2020. [Dkt. Nos. 7 at ¶ 7; 7-1 at 33].

8. Plaintiff filed a regular grievance on May 5, 2020 regarding Defendant Jones denial of his grievance at intake, which Defendant Jones had deemed non-grievable because intake decisions are not grievable. [Dkt. Nos. 7 at ¶ 7; 7-1 at 48-49]. Plaintiff asserts Defendant Jones erred because his grievance related to the alleged untimeliness of the response to his Informal Complaint and not to Defendant Jones's intake decision. Plaintiff also complained that it was improper for Defendant Jones to handle the intake decision of the regular grievance because his grievance related to Defendant Jones's handling of the grievance. [Dkt. No. 7 at ¶¶ 6, 7, 26, 30].

9. The Plaintiff appealed the rejection of the regular grievance to the regional ombudsman, Defendant Lewis, who upheld the intake decision. [Dkt. Nos. 7 at ¶ 8, at 7; 7-1 at 48, 50-51].

10. The third incident involved Informal Complaint No. LVCC-20-INF-01563, which alleged unequal treatment by a unit manager because the unit manager had charged plaintiff with a disciplinary offense. The unit manager responded, and plaintiff filed a regular grievance. The grievance was rejected at intake because it was "non-grievable," and the decision was upheld on appeal to the regional ombudsman. [Dkt. Nos. 7 at ¶ 9; 7-1 at 52-55].[4]

Grievance Procedure

11. The Grievance Procedure at LVCC is promulgated under Operating Procedure 866.1 ("OP 866.1"). [Dkt. No. 7-1 at 34].

12. Under Part IV(M)(2), matters subject to disciplinary proceedings and appeal under Operating Procedure 861.1, Offender Discipline, Institutions, are not grievable. [Id. at 38].

13. Intake decisions are governed by Part VI(B). [Id. at 41]. Only Regular Grievances that meet the criteria for acceptance may be accepted at intake and logged into VACORIS. If the Regular Grievance does not meet the criteria for acceptance, the Grievance Coordinator fills out the "Intake" section of the form and returns it to the inmate. The "Intake" section describes the identified deficiency.

14. An inmate whose Regular Grievance is denied at the intake stage may sustain a grievance in two ways: the inmate may appeal the intake decision to the Regional Ombudsman within five (5) days of receipt of the intake decision; or, the offender may cure the identified deficiencies at intake and resubmit the Regular Grievance as provided on the "Intake" form. See, e.g., Dkt. No. 7-1 at 1.

---

[4] The amended complaint alleges that as the result of this disciplinary charge, Plaintiff lost his prison job and had to pay a $7 fine. The amended complaint does not reflect whether Plaintiff pled guilty or whether he appealed the Hearing Officer's conviction. [Dkt. No. 7 at ¶¶ 9, 40, 41, 44].

4

15. There is "no further review or appeal of intake decisions" following appeal to the Regional Ombudsman. In other words, an inmate may not sustain his appeal by simply filing a successive grievance challenging the intake decision or collaterally challenging alleged procedural deficiencies in the handling of the grievance. [Id. at 1 ("The Regional Ombudsman's decision is final."); id. at 42 ("There is no further review or appeal of intake decisions.") (citing OP 866.1 (VI)(B)(5))].

16. Once a Regular Grievance is logged, it is sent out for a Level I review. The Grievance Coordinator's role in this process is to designate a person to investigate. The Facility Unit Head or his designee "maintains the primary responsibility for providing responses to grievances at this level." [Id. 7-1 at 42, OP 866.1 (VI)(C)].

## II. Standard of Review

A motion to dismiss tests whether a complaint states a cause of action upon which relief can be granted. Whether a complaint sufficiently states a claim is determined by "the familiar standard ... under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Accordingly, a plaintiff's alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A plaintiff's allegations must "raise a right to relief above the speculative level," and "threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. Id.

Where a complaint is filed by a prisoner acting pro se, however, that complaint must be construed liberally regardless of how unskillfully it is pleaded. Haines v. Kerner, 404 U.S. 519, (1972). A pro se litigant is therefore not held to the strict pleading requirements demanded of attorneys. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Figgins v. Hudspeth, 584 F.2d 1345 (4th Cir. 1978), cert. denied, 441 U.S. 913 (1979). For these reasons, a court's power to dismiss a prisoner's pro se complaint summarily is limited. Id. at 1347.

### III. Analysis

Plaintiff does not allege that any of the three underlying incidents resulted in a deprivation of his constitutional rights. Instead, he alleges that Defendant Jones violated his Due Process rights because she failed to (i) investigate his complaint properly, (ii) timely respond, or (iii) correctly apply or adhere to policy [Dkt. No. 7 at ¶¶ 16, 18, 21, 30, 49]; and that Defendant Lewis violated his due process rights by neglecting to investigate properly or respond to his grievance appeals, as required by VDOC policy. [Id. at ¶¶ 33-34]. Each defendant moves to dismiss because in order to prevail on a procedural due process claim, "[an inmate] must first demonstrate that [he was] deprived of 'life, liberty, or property' by governmental action," Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997), and that the Fourth Circuit has held that inmates do not have a constitutional right to file grievances. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); see also Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) (finding inmates have no federally protected liberty interest in having grievances resolved to their satisfaction); Garraghty v. Virginia, Dep't of Corrections, 52 F.3d

6

1274, 1285 (4th Cir. 1995) ("if a state grievance law grants more procedural rights than the constitution requires, failure to comply with state law does not create a federal due process violation"); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue.").

A prior opinion of this Court explains that any dissatisfaction a prisoner has with the prison's grievance procedure does not rise to the level of a constitutional violation.

> [D]eprivation of the ability to use a particular type of prison grievance system is not a condition that imposes an "atypical and significant hardship" on an inmate. As the Constitution does not mandate grievance procedures, see Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), any right of an inmate to use such a procedure is entirely discretionary and does not implicate the Constitution. See, e.g., Mitchell v. Murray, 856 F. Supp. 289, 294 (E.D. Va. 1994); Chandler v. Cordova, No. 1:09cv483, 2009 U.S. Dist. LEXIS 44146, at *9-10 n.3 (E.D. Va. May 26, 2009) (Brinkema, J.). Accordingly, inmates do not have a protected liberty interest in the ability to use a particular type of prison grievance procedure, and any interference by the defendants with such procedures does not violate the Fourteenth Amendment. See Adams, 40 F.3d at 75; Taylor v. Lang, 483 F. App'x. 855, 858 (4th Cir. 2012) (internal citations omitted) ("[Plaintiff's] access to and participation in the grievance process is not constitutionally protected....").

Pickrell v. Stewart, 1:14cv1690, 2015 U.S. Dist. LEXIS 43739, *8 (E.D. Va. April 2, 2015).[5]

Here, plaintiff's allegations are premised upon mistakes that he alleges Jones and Lewis made in handling his grievances that violated VDOC policy as set forth in OP 866.1.[6] Adams controls, and any mistakes either defendant made in investigating or ruling on plaintiff's grievances do not rise to the level of a due process violation. "Ruling against a prisoner on an

---

[5] In Adams, the Fourth Circuit cited the Eighth Circuit's opinion in Flick v. Alba, 932 F.2d 728 (8th Cir. 1991), which noted that a constitutional claim "is not compromised by the prison's refusal to entertain" an administrative grievance because "the prisoner's right to petition the government for redress is the right of access to the courts." Id. at 729; see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

[6] Plaintiff expressly admits that he does not challenge the constitutionality of OP 866.1 and instead states his complaint is that the "Administration ... is not complying with the policy." [Dkt. No. 7 at 19].

7

administrative complaint does not cause or contribute to the violation" because "[o]nly persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted). To illustrate this point, the Seventh Circuit in George noted that while a "guard [that] beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." Id.[7] As in George, neither Jones nor Lewis caused or contributed to a constitutional violation and thus their motions to dismiss will be granted.[8]

Because defendant's motion to dismiss will be granted for the reasons stated herein, his additional argument does not need to be considered.

## IV. Default Judgment

Plaintiff has filed motions for default judgment against each defendant. [Dkt. Nos. 29, 33]. The motion for a default judgment against Defendant Lewis asserts Lewis failed to file a response or answer within sixty days of being served with the Notice of Lawsuit and Request for Waiver of Service ("Lewis' Notice"). [Dkt. No. 29 at 1]. Lewis' Notice was returned executed on April 27, 2021 and that made Lewis' response due on or before Monday, June 28, 2021. [Dkt. No. 20]. Defendant Lewis filed his motion to dismiss, brief in support, and Roseboro Notice on Monday, June 28, 2021. [Dkt. Nos. 26-28]. Thus, the motion for default judgment has no basis in fact.

---

[7] See Brooks v. Beard, 167 F. App'x 923, 925 (3rd Cir. 2006) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the alleged underlying deprivation); see also Chamberlain v. Clarke, No. 7:14-cv-00013, 2014 U.S. Dist. LEXIS 70355,* 9 (W.D. Va. May 22, 2014) (noting inmate's "dissatisfaction with responses to grievances is a non-starter").

[8] In addition, Plaintiff has not established any prejudice with regard to the actions of Jones or Lewis. Plaintiff was attempting to get a copy of his medical records, and did. Orozco v. Streeval, No. 7:19-cv-00040, 2021 U.S. Dist. LEXIS 42128, *8-9 (W.D. Va. Mar. 5, 2021) (prison's violations of its own policies do not amount to a due process violation absent a showing of prejudice) (citing Consolidation Coal Co. v. Borda, 171 F.3d 175, 183 (4th Cir. 1999)).

The motion for default judgment against Defendant Jones asserts that she failed to file a response or answer within sixty days of being served with the Notice of Lawsuit and Request for Waiver of Service ("Jones' Notice"). [Dkt. No. 29 at 1]. Jones' Notice was sent on May 28, 2021 [Dkt. No. 23] and was returned executed on June 28, 2021 [Dkt. No. 25], which made Jones response due on or before July 27, 2021. Defendant Jones filed her motion to dismiss, brief in support, and Roseboro Notice on Tuesday, July 27, 2021. [Dkt. Nos. 26-28]. Thus, the motion for default judgment against Defendant Jone has no basis in fact.

Further, a default judgment may not be entered on a legally insufficient claim. See Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267-68 (9th Cir. 1992) (reversing a default judgment entered on a legally insufficient claim). Plaintiff has failed to state a viable claim.

### V. Conclusion

For the reasons outlined above, defendants Lewis's and Jones's motions to dismiss [Dkt. Nos. 26, 30] will be granted and plaintiff's motions for entry default judgments against each defendant [Dkt. Nos. 29, 33] will be denied. An appropriate Order will issue alongside this Memorandum Opinion.

Entered this ___ day of September 2021.
Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

9